IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRISTINE KENWORTHY-RIDDLE,<br>as personal representative of the Estates of<br>Ralph Dean Kenworthy and<br>Florita Kenworthy,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>LYNNE ROBERTS,<br><br>    Defendant and Counter-Claimant. | Case No. CIV-14-054-RAW |

**ORDER**

On January 9, 2014, Kristine Kenworthy-Riddle (hereinafter "Plaintiff") filed a "motion for court order to return estate property," within a probate action pending in the District Court of Haskell County,[1] requesting the return of approximately $288,000 in U.S. Savings Bonds that Lynne Roberts (hereinafter "Defendant") removed from a safety deposit box. On February 12, 2014, Defendant filed a notice of removal in this court, stating that she was removing an action that had been filed within a probate action.

Plaintiff did not contest the removal and instead filed a Complaint in this action on March 27, 2014, again requesting the return of $288,000 in U.S. Savings Bonds or judgment against Defendant in the amount of $288,000. On May 19, 2014, Defendant filed a Counterclaim, stating that the U.S. Savings Bonds were an *inter vivos* gift to her, not property of the estate and requesting judgment in her favor and costs.

---

[1]The pending probate action was filed on November 3, 2009, has the case number P-2009-30 and is styled, "In the Matter of the Estates of Ralph Dean Kenworthy and Florita Kenworthy."

Now before the court is Defendant's motion for summary judgment [Docket No. 24]. Defendant argues that Decedent made an *inter vivos* gift to her of the contents of the safe deposit box and that, more importantly, they held the safe deposit box in joint tenancy with right of survivorship. Plaintiff argues that there was no *inter vivos* gift and that Defendant had no ownership interest in the contents of the box. For the reasons delineated below, the motion is denied and this matter is remanded to the District Court of Haskell County to be decided as part of the above referenced pending probate action.

**UNDISPUTED MATERIAL FACTS**

Defendant, a Los Angeles resident, is the sister of Florita Kenworthy (hereinafter "Decedent"), who was an Oklahoma resident and whose estate is the subject of the probate action noted above. During her life, Decedent and her husband rented a safe deposit box with First National Bank of Stigler, Oklahoma (hereinafter "Bank") and signed the Bank's standard safe deposit box contract. On May 10, 2006, Defendant signed and returned to Decedent a document titled, "The First National Bank, Stigler, OK, Safe Deposit Box Contract." Decedent thereafter delivered the contract to First National Bank of Stigler.

The safe deposit box contract included the following language at paragraph 16:

In the event this lease contract is made with two or more lessees, each of them shall be bound by all the foregoing terms and provisions, and each of them shall have access to the box without further authority from the other, and each of them may at any time surrender the box without the presence of the other. <u>Each of such lessees shall, in such case, have the power to deputize in writing, or by power of attorney, any third party or parties to have access to the box, and the signature of only one of them shall be necessary for such purpose, and any such deputy or deputies, or attorney, shall also have the power to surrender such box at any time. Such joint lessees further agree with each other and with the lessor that they lease said box and shall hold and use the same as joint tenants and not as tenants in common, and that in the event of the death of either or any of said</u>

<u>joint tenants, the survivor or survivors shall have the exclusive continuing right of access to said box and may remove and take any or part or all of the contents of said box, without notice to the legal representatives of the deceased, or any other person, except as may be required by law.</u>

Decedent's husband died in September of 2009. After Decedent passed away in 2013, Defendant traveled to Oklahoma to attend her sister's funeral and take possession of the contents of the safe deposit box. On October 1, 2013, Defendant met with an officer at the Bank who authorized her to access the safe deposit box. Defendant removed some of the items, but not all of them. Plaintiff states and Defendant does not dispute that within the box were also a life insurance policy, three certificates of deposit and a savings bond, all made out to people other than Defendant. Defendant did not remove those items from the box. Plaintiff further states and Defendant does not dispute that Plaintiff is the sole beneficiary of Decedent's Will.

**ANALYSIS**

The court must begin by noting the unusual nature of this action. Of course, a probate action cannot be removed to federal court. Nevertheless, Defendant dubbed a motion within a probate action a separate action unto itself and removed it to this court. Plaintiff did not object and even filed a Complaint. While Plaintiff does not contest the removal, this court must assess whether it has jurisdiction to hear this "action."

First, the removal statute, 28 U.S.C. § 1446, allows a *defendant* to remove an *action* from state court to federal court. While Ms. Roberts has dubbed herself the "Defendant" herein, she is not a party to the probate action. Moreover, she did not and cannot remove the action, as it is a probate action. Instead, she removed a motion filed within the probate action. Section 1446 does not allow a non-party to remove a motion from a state action to federal court. Accordingly,

the court remands this matter to the District Court of Haskell County.

Second, even if an action had been properly removed here, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate" and "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). Of course, if Defendant is correct that the contents of the box were an *inter vivos* gift to her or that she and her sister held the contents of the box in joint tenancy with right of survivorship, then the property at issue is not part of the estate and she may have been entitled to summary judgment had this been an action properly removed to this court. If, however, there was no gift or joint tenancy, then the contents of the box are part of Decedent's estate, and this court has no jurisdiction.

Defendant has not shown the absence of a genuine dispute as to any material fact. To prove that Decedent made an *inter vivos* gift to her, Defendant must prove: (1) Decedent was competent to make the gift, (2) freedom of will on Decedent's part, (3) Decedent intended to make the gift, (4) Defendant was capable of accepting the gift, and (5) delivery by the Decedent and acceptance by the Defendant. Cluck v. Ford, 152 P.3d 279, 282 (Okla. Civ. App. 2006) (citing Davis v. National Bank of Tulsa, 353 P.2d 482). Defendant has not submitted any evidence on most of these.

Instead, Defendant argues that she and Decedent held the safe deposit box and its contents in joint tenancy. Joint tenancy "may be established in two ways: (1) by express language in the instrument creating the account that contains language referring to survivorship; or (2) by actions of the parties 'which show an intention to create the essential elements of joint

4

ownership and survivorship.'" Cluck, 152 P.3d at 283 (quoting In re Estate of Ingram, 874 P.2d 1282, 1285 (Okla. 1994)).

Moreover, "[a]s to safe deposit boxes, the Oklahoma Supreme Court has specifically held that proof of a joint tenancy in the *contents* of a safe deposit box is not established solely from the existence of a joint lease." Id. (emphasis in original). "[A]bsent an express agreement that the *contents* of a safe deposit box shall be joint property, a joint lease in and of itself alone, does not create a joint tenancy in the contents of the box." Id. (emphasis in original) (quoting In re Estate of Stinchcomb, 674 P.2d 26, 29-30 (Okla. 1983)).

The court finds that the relevant language of the safe deposit box is open to more than one interpretation. One relevant sentence reads:

> Each of such lessees shall, in such case, have the power to deputize in writing, or by power of attorney, any third party or parties to have access to the box, and the signature of only one of them shall be necessary for such purpose, and any such deputy or deputies, or attorney, shall also have the power to surrender such box at any time.

It could be that Decedent utilized this sentence in 2006 to give Defendant access to the box and never intended to make her a joint tenant. Another relevant sentence reads:

> Such joint lessees further agree with each other and with the lessor that they lease said box and shall hold and use the same as joint tenants and not as tenants in common, and that in the event of the death of either or any of said joint tenants, the survivor or survivors shall have the exclusive continuing right of access to said box and may remove and take any or part or all of the contents of said box, without notice to the legal representatives of the deceased, or any other person, except as may be required by law.

While this language creates a joint tenancy in the safe deposit box, it does not unequivocally state that the *contents* of the safe deposit box were joint property.

Because there is no express language indicating a creation of a joint ownership in the contents of the box, the court must look to the parties' actions. If the parties' actions do not

5

show an intent to create the essential elements of joint ownership, then none exists. Unfortunately, the court does not have enough evidence of the parties' actions to determine whether they intended to create a joint ownership in the contents of the box. Had this been an action properly removed to this court, summary judgment would have been denied on this basis.

Furthermore, had this been an action properly removed to this court, the court would not and could not properly hold a trial to determine the issues raised. The issues here – whether the parties intended to create a joint ownership with right of survivorship in the contents of the box or whether the contents of the box are part of Decedent's estate – are very clearly inextricably intertwined with the probate action. The court will not and may not hold a trial to determine whether the contents of the safe deposit box are part of Decedent's estate while the state court undoubtedly is resolving the same issue.

**CONCLUSION**

Accordingly, Defendant's motion for summary judgment [Docket No. 24] is hereby DENIED. Furthermore, this action is hereby remanded pursuant to 28 U.S.C. § 1447(c) to the District Court of Haskell County to be decided as part of the above referenced pending probate action.

IT IS SO ORDERED this 17th day of November, 2014.

**Dated this 17th day of November, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma